UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 JUN 18 PH 3: 31

LARRY D. PITTS,                    ]
                                   ]
    Plaintiff(s),                 ]
                                   ]
vs.                                ]
                                   ]
                                    ] CV 00-N-1402-S
SECRETARY OF THE ARMY,             ]
                                   ]
    Defendant(s).                 ]

ENTERED
JUN 18 2001

MEMORANDUM OF OPINION

On February 28, 2000, the Army denied Mr. Larry Pitts' request that his service records be changed to show he received a medical retirement. Mr. Pitts has come to this court asking for a review of that decision. The court is now considering a motion for summary judgment filed by the Secretary of the Army on November 20, 2000. For the reasons explained in this opinion, the court will grant the Secretary's motion and dismiss Mr. Pitts' case.

I.    Jurisdiction.

The Tucker Act, 28 U.S.C. § 1491, gives the Court of Federal Claims jurisdiction over all non-tort claims for money damages against the United States. *See United States v. Mitchell*, 463 U.S. 206, 216 (1983). The United States district courts have concurrent jurisdiction with the Court of Federal Claims for claims against the United States of amounts not exceeding $10,000. 28 U.S.C. § 1346(a)(2).

Mr. Pitts' complaint does not include a claim for money damages. He merely asks this court to review the decision of the Army Board for the Correction of Military Records ("ABCMR"). However, "district court jurisdiction is not established merely

because a suit fails to pray for a money judgment." *Bowen v. Massachusetts*, 487 U.S. 879, 916 (1988), Scalia, J., dissenting (collecting cases). If Mr. Pitts prevails in his claim, he may be entitled to monetary relief in the form of substantial retirement benefits.

In *Keller v. Merit Systems Protection Board*, the plaintiff brought a claim against the United States for back pay in addition to a claim for reinstatement to his federal employment. The Eleventh Circuit determined that, because both claims were based on the same factual predicate and the plaintiff was essentially seeking two types of relief through one claim, both claims should be adjudicated in the Court of Federal Claims. *Keller v. Merit Systems Protection Board*, 679 F.2d 220 (11th Cir. 1982). In *Kidwell v. Dep't of the Army*, 56 F.3d 279 (D.C. 1995), a discharged serviceman brought action in the United States District Court for the District of Columbia, seeking review of the ABCMR's refusal to change his general discharge to a medical discharge. Accepting jurisdiction, the United States Court of Appeals for the District of Columbia Circuit observed that a claim is not for money "merely because its success may lead to pecuniary costs for the government or benefits for the plaintiff." *Id.* at 284, citing *Vietnam Veterans of America v. Secretary of the Navy*, 843 F.2d 528, 534 (D.C.Cir. 1988). As long as the sole remedy requested is declaratory or injunctive relief that is not "negligible" in comparison with the potential monetary recovery, the district court with otherwise appropriate jurisdiction may hear the claim and grant the proper equitable relief. *Id.* In *Nolen v. Rumsfeld*, the former Fifth Circuit implicitly answered the question in the same way when it accepted jurisdiction and decided the merits of a

claim very similar to Mr. Pitts's claim. 535 F.2d 888 (1976)[1](claim by exserviceman for correction of military medical records in effort to prove "service-connected" hypertension and effectuate a claim for benefits from the Veteran's Administration). Mr. Pitts' pro se claim, as it is presented, is much like the claims in *Kidwell* and *Nolen*, in that he has not explicitly claimed retirement benefits although the relief he requests may eventually entitle him to those benefits. Moreover, although the benefits Mr. Pitts' might ultimately claim may be substantial, there is no evidence of record from which the court might find they exceed $10,000. Accordingly, the court concludes it has jurisdiction to decide this case.

II.  Discussion.

   A.  Proceedings.

The court is always aware of its responsibility to both sides in a controversy to fully and fairly consider the matter before it. Because Mr. Pitts came here without an attorney, the court has taken extra care to ensure that his claim was thoroughly reviewed. However, when the court learned that Mr. Pitts has a guardian and is adjudged incompetent, it asked an attorney in Tuscaloosa, Mr. David E. Rains, to look at Mr. Pitts' claims and give his legal opinion. Mr. Rains has presented the court with a thorough review of the case. Mr. Rains has provided this service to Mr. Pitts and the court free of charge, and the court expresses its appreciation for his hard work and careful opinion.

   B.  Standard of Review.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In

---

[1] The Eleventh Circuit adopted the decisions of the former Fifth Circuit as precedent in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

reviewing the ABCMR's decision, this court is limited to consideration of the evidence in the administrative record. *Sanford v. United States*, 399 F.2d 693, 694 (9th Cir. 1968).

C. The Merits.

Mr. Pitts is presently diagnosed with schizophrenia and he receives 100% disability benefits from the Veterans Administration ("VA") due to his illness. He claims he is entitled to receive a "retirement with pay" pursuant to 10 U.S.C. § 1204 (2000).

To be qualified for medical retirement under Section 1204, Mr. Pitts must have a permanent disability which is at least 30% disabling and not caused by Mr. Pitts' own misconduct or neglect. The ABCMR was apparently satisfied that Mr. Pitts' impairment met those criteria. However, to be completely within the requirements of Section 1204, the ABCMR also had to find that Mr. Pitts' disabling schizophrenia started while he was "on active duty, any type of active duty training, or inactive duty training." The ABCMR concluded that Mr. Pitts' schizophrenia began during a period when he was not on active duty or training. The ABCMR's decision cannot be set aside unless it is arbitrary, capricious, or unsupported by substantial evidence. 5 U.S.C. § 706 (2)(A), *Burns v. Marsh*, 820 F.2d 1108, 1110 (9th Cir. 1987); *see also Chappell v. Wallace*, 462 U.S. 296, 303 (1983)(noting same standard of review for decisions of the Board of Corrections of Naval Records).

Mr. Pitts enlisted in the United States Army on November 29, 1977. (AR 60, 263[2]). In May 1983, he was diagnosed as having Borderline Personality Disorder. (AR 355, 360). In June 1983, Mr. Pitts was barred from re-enlisting in the Regular Army for non-medical reasons. (AR 214-19).

---

[2]References are to the Administrative Record, docketed as document 24 in the court record.

On July 30, 1983, Mr. Pitts re-enlisted in the United States Army Reserve ("USAR"). (AR 195-201). Mr. Pitts was on active duty training for the USAR at Fort Sam Houston, Texas from January 4, 1984, to May 2, 1984. (AR 161-164). During that training period, on March 28, 1984, Mr. Pitts was hospitalized for an undisclosed period of time and diagnosed with "schizophreniform disorder." (AR 332). Mr. Pitts was also hospitalized for a hernia repair in April 1984, during the same USAR training period. (AR 317-32). He was released from the hernia repair hospitalization with only temporary limitations on duty to recover from surgery. *Id.*

On February 8, 1986, Mr. Pitts was hospitalized and diagnosed with "[s]chizophrenia, paranoid, subchronic" and released on Thorazine. (AR 311). Mr. Pitts completed an active duty training course for the USAR in June 1986 and he completed two weeks of USAR active duty training in 1987. (AR 162).

On August 23, 1987, Mr. Pitts' USAR commander referred him for a fitness for duty evaluation. (AR 172). Mr. Pitts was evaluated on September 26, 1987 and deemed not qualified for retention. (AR at 287-90). On December 8, 1987, Colonel Frank Young recommended that Mr. Pitts be separated from the Army Reserve. (AR 168). On June 28, 1988, Mr. Pitts elected to be discharged from the Army Reserve for medical reasons and he was discharged on November 30, 1988. (AR 157, 148).

After Mr. Pitts petitioned for correction of his military records, the Office of the Surgeon General ("OTSG") advised the ABCMR that Mr. Pitts' separation was appropriate. (AR at 128). The ABCMR also requested an advisory opinion from the U.S. Army Physical Disability Agency, which was forwarded to the Physical Evaluation Board ("PEB"). The PEB concluded that Mr. Pitts' schizophrenia had its inception around October 1983, while

he was not on active duty. (AR 119-24). Mr. Pitts voluntarily withdrew his application from the ABCMR on August 20, 1990. (AR 117).

Mr. Pitts renewed his petition to the ABCMR on February 2, 1999. (AR 66-111). Relying on the PEB evaluation, the ABCMR concluded that Mr. Pitts' schizophrenia had its inception between July 29, 1983, when he was released from active duty with no evidence of the disease, and October 28, 1983, six months prior to his hospitalization for schizophreniform disorder. (AR 64). Mr. Pitts was not in a pay status at that time. *Id.* The ABCMR also noted that Mr. Pitts participated in and completed several active duty training exercises while he was diagnosed as a schizophrenic under the DSM III guidelines. *Id.*

The Army has the authority to decide if Mr. Pitts meets the requirements for retirement with pay under Section 1204. The court cannot change the ABCMR's decision if the decision was supported by substantial evidence, in agreement with the law, and not arbitrary or capricious. *Robbins v. United States*, 29 Fed. C. 717, 725 (1993). Although this court might disagree with the decision, it cannot substitute its own judgment for that of the Board. *Walden v. United States*, 24 Cl. Ct. 521 (1991).

The Veterans Administration's determination that Mr. Pitts' has a service connected disability is not binding upon the ABCMR because VA ratings are based on different laws and standards. *Hinkle v. United States*, 229 Ct. Cl. 801, 804-5 (1982). The ABCMR's conclusion that Mr. Pitts was not on active duty at the time his schizophrenia began is supported by substantial evidence in the record, including the records of his hospitalizations, the records of his active duty service after his hospitalization, and the reports of the PEB and the OTSG. *Burns*, 820 F.2d at 1110.

III. Conclusion.

Because the decision of the ABCMR is supported by substantial evidence and is not arbitrary or capricious, the Secretary's motion for summary judgment is due to be granted and the plaintiff's case dismissed. A separate order will be entered.

Done, this __18th__ of June, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE